# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALUTIIQ INTERNATIONAL
SOLUTIONS, LLC,

    Plaintiff,

v.

OIC MARIANAS INSURANCE
CORPORATION,

    Defendant.

Case No. 2:10-CV-01189-KJD-RJJ

**ORDER**

    Currently pending before the Court is Defendant OIC Marianas Insurance Corporation's ("OIC") Motion to Dismiss (#8). Plaintiff, Alutiiq International Solutions, LLC ("Alutiiq") filed a Response in opposition (#11), to which Defendant filed a Reply (#13).

**I. Background**

    Plaintiff Alutiiq entered into a contract with the U.S. Army Corp of Engineers for the design and construction of the OJO Encino Day School located in the State of New Mexico ("project"), a government project undertaken by a government agency (the United States Army Corp of Engineers) which is subject to the Miller Act, 40 U.S.C. 3131.[1] Subsequent to entering into the contract,

---

[1] Among other things, the Miller Act "requires a prime contractor of a federal project to furnish a payment bond to insure payments to individuals who supply labor and/or materials for federal projects." United States ex rel. Conveyor

1  Plaintiff entered into a subcontract with NCC Electrical Services, Inc. ("NCC"), pursuant to which
2  NCC was to perform electrical work on the project.
3      In connection with the project, NCC sought a performance bond from Defendant OIC, which
4  Defendant issued on or about November 11, 2009 ("performance bond").  During performance of the
5  subcontract, Plaintiff and NCC became involved in a dispute, and subsequently, NCC was terminated
6  from the project by Plaintiff.  Plaintiff filed suit against Defendant on July 19, 2010, bringing one
7  claim for relief seeking recovery on the performance bond entered into between NCC and OIC.
8      Defendant's instant Motion seeks that the Court dismiss Plaintiff's action pursuant to Fed. R.
9  Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Specifically,
10 Defendant argues that the performance bond it issued to NCC was for the benefit of the United States
11 of America, and not Alutiiq, and therefore, that Aluttiq cannot recover on the bond.  For the reasons
12 stated herein, the Court denies Defendant's Motion to Dismiss.

**II. Standard of Law for Motion to Dismiss**

14     Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure
15 to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short
16 and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
17 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require
18 detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation
19 of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan

---

Rental & Sales Co. v. Aetna Cas. & Surety Co., 981 F.2d 448, 450 (9th Cir. 1992).  The payment bond protects "those persons who have a contractual agreement with a prime contractor or subcontractor engaged in a federal project." Id. The Act provides that "[b]efore any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish to the Government [payment and performance] bonds, which become binding when the contract is awarded. . . ." 40 U.S.C. § 3131(b).  The Act further provides that "[a] person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving timely written notice to the contractor."

2

v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Discussion**

In response to Defendant's Motion, Plaintiff avers that it, and not the Government, was the intended obligee of the a performance bond entered into between NCC and Defendant OIC, and therefore, that Defendant's Motion to Dismiss must fail. The parties both attach documents to their pleadings, seeking that the Court consider the documents, yet not convert the Motion into a Rule 56 motion for summary judgment.[2]

---

[2] If matters outside of the pleadings are submitted in conjunction with a motion to dismiss, Rule 12(b) grants courts discretion to either accept and consider, or to disregard such materials. See Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 193 n. 3 (5th Cir.1988). A court exercises this discretion by examining whether the submitted material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, may facilitate disposing of the action. Id. at 193 n. 3. If the court elects to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

3

Dismissal or summary adjudication is appropriate for breach of contract claims only if the contract provision or the contract in question is unambiguous. A contract or a provision of a contract is ambiguous if it is reasonably susceptible to more than one interpretation. Castaneda v. Dura-Vent Corp., 648 F.2d 612, 619 (9th Cir. 1981). "The question of the interpretation of a contract when the facts are not in dispute is a question of law," to be decided by the court. Shelton v. Shelton, 119 Nev. 492, 78 P.3d 507, 510 (D.Nev. 2003). If however, the court finds that a contract's terms "are reasonably susceptible to more than one interpretation, extrinsic evidence is admissible to determine the parties' true intent. Red Rock Communications, Inc. v. American Telecasting, Inc., 2006 WL 254195 at *5 (D.Nev. 2006).

Determining the parties' true intent or the circumstances that may elucidate ambiguous language may require fact finding by the trier of fact. Id. More specifically, "when interpreting a contract, 'a court may consider surrounding circumstances, including negotiation, prior understandings, and subsequent conduct[.]' " Id. (quoting Taylor v. State Farm Mut. Auto. Ins. Co., 175 Ariz. 148, 854 P.2d 1134, 1139 (Ariz.1993)). If the court's inquiry into the parties' actual meaning of the contract does not resolve the issue, the intent of the parties in light of the competing interpretations of an ambiguous contract is a factual issue to be resolved by the jury. See Economy Forms Corp. v. Law Co., Inc., 593 F.Supp. 539 (D.C.Nev.1984.); United States, Etc. v. Haas & Haynie Corp., 577 F.2d 568, 573 (9th Cir.1 978). Therefore, dismissal or summary adjudication are improper where differing views of the parties' intent raise a genuine issue of fact. U.S. v. Sacramento Municipal Utility Dist., 652 F.2d 1341, 1344 (9th Cir. 1981).

---

Here, a copy of the original performance bond is attached to both Plaintiff's Complaint, and Defendant's Motion to Dismiss, and is considered by the Court because its authenticity is not at issue and because it is the subject of, and referred to extensively, in the Complaint. See Anderson v. Clow, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). Additionally, the parties both attach further documents referred to in their pleadings, including a Consent of Surety which allegedly modifies the original performance bond, Power of Attorney, Declaration of Bart Wachester, a copy of the agreement between Alutiiq and NCC, and copy of the Surety Bond between Alutiiq and Surety Safeco Insurance Company of America. Because issues of contractual interpretation remain, the Court elects not to convert the Motion into a motion for summary judgment at this time, as all parties have not been given a reasonable opportunity to present all material that is pertinent to the contractual issue.

An examination of the performance bond here, together with Plaintiff's allegations demonstrates sufficient ambiguity as to the intended conditions and parties to the performance bond to preclude dismissal. Based upon the evidence appropriately before it at this time, (see n.1 <u>supra</u>) the Court finds that Plaintiff has pled a plausible claim for recovery on the performance bond at issue.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant OIC Marianas Insurance Corporation's Motion to Dismiss (#8) is **DENIED**.

DATED this 28th day of March 2011.

_____
Kent J. Dawson
United States District Judge