# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALUTIIQ INTERNATIONAL SOLUTIONS, LLC, | Case No. 2:10-CV-01189-KJD-RJJ |
| Plaintiff, | **ORDER** |
| v. | |
| OIC MARIANAS INSURANCE CORPORATION, | |
| Defendant. | |

Before the Court is Defendant OIC Marianas Insurance Corporation's Amended Motion to Set Aside Default and Default Judgment (#38). Plaintiff Alutiiq International Solutions, LLC, filed an Opposition to Defendant's Motion to Set Aside Default Judgment (#39), and Defendant filed a Reply (#40).

I. Background

This action arose as a result of Plaintiff's attempt to collect on a performance bond (the "Bond") executed by Defendant. Plaintiff is an Alaskan limited liability company that entered into a construction subcontract with NCC Electrical Services, Inc. ("NCC"). Defendant executed the Bond with NCC in the amount of $1,301,018 whereby Defendant assumed liability to the obligee of the Bond in the event of NCC's nonperformance under the construction subcontract with Plaintiff.

During performance of the subcontract, Plaintiff and NCC became involved in a dispute regarding performance by NCC, and NCC was terminated from the project by Plaintiff.

On July 19, 2010, Plaintiff filed a complaint (#1) against Defendant for recovery on the Bond. On August 23, 2010, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). On March 1, 2011, Defendant's counsel filed a motion to withdraw as attorney. A hearing on the motion to withdraw as counsel was set for April 11, 2011, and the Court order required a corporate representative for Defendant to appear at the hearing. On March 29, 2011, Defendant's motion to dismiss was denied (#23). On April 11, 2011, the motion to withdraw as attorney was granted and Mr. Lyon, the Vice President and Majority Owner of Defendant, was ordered to designate new counsel by April 27, 2011, (#25). Defendant failed to file a responsive pleading by April 12, 2011, in violation of Fed. R. Civ. P. 12(a)(4)(A) (within 14 days of the denial of the motion to dismiss), and Mr. Lyon failed to designate new counsel for Defendant by April 27, 2011, in violation of the April 11, 2011, order.

On May 10, 2011, Plaintiff filed a Motion for Entry of Clerk's Default (#27), and on May 11, 2011, the Clerk of Court entered default (#28). On May 12, 2011, Plaintiff filed a Motion for Entry of Default Judgment (#29). That same day, Joe Lyon, a non-attorney member of Defendant's board filed a Motion for Extension of Time (#30). On May 13, 2011, the Court granted Plaintiff's Motion for Entry of Default Judgment (#31) pursuant to Fed. R. Civ. P. 55(b)(2). On June 8, 2011, Magistrate Judge Johnston denied Mr. Lyon's Motion for Extension of Time as moot (#34), and on June 20, 2011, Mr. Lyon filed a Motion to Set Aside Default Judgment (#35) which was denied because Mr. Lyon cannot represent Defendant since it is a corporation. On October 6, 2011, Defendant's new counsel filed a Motion to Set Aside Default Judgment (#37), and on October 7, 2011, Defendant filed an Amended Motion to Set Aside Default Judgment (#38). Plaintiff filed an Opposition (#39), and Defendant filed a Reply (#40).

## II. Discussion

Federal Rule of Civil Procedure 55(a) provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default and the party may move for entry of default judgment. See Fed. R. Civ. P. 55(a). If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before "the hearing." Fed. R. Civ. P. 55(b)(2). No party in default is entitled to 55(b)(2) notice unless he has appeared in the action. Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368 (9th Cir. 1977) (quotations omitted). The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. Id. at 369. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit. Id.

Defendant argues the May 13, 2011 order granting default judgment was improper because Defendant was not served with written notice of the application at least 7 days before the hearing. Defendant contends it was entitled to written notice pursuant to Rule 55(b)(2) because the August 23, 2010, motion to dismiss constitutes an appearance. Plaintiff argues that Defendant was not entitled to notice under Rule 55(b)(2) because "[o]nce the Court granted the withdrawal of OIC's counsel on April 11, 2011—which left OIC without any representation—OIC needed to file an appearance in this action subsequent to that date."

Plaintiff cites no authority in support of its contention that Defendant must have filed an appearance subsequent to withdrawal of counsel in order to have "appeared" for purposes of Rule 55(b)(2). Instead, Plaintiff cites case law to support the proposition that pleadings filed on behalf of corporations by non-attorneys do not constitute an appearance. That case law has no bearing on whether Plaintiff's motion to dismiss constitutes an appearance in this action. Plaintiff's motion to dismiss was submitted to this Court by a licensed attorney and it demonstrated a clear purpose to defend the suit. It thus constitutes an appearance for purposes of Rule 55(b)(2).

3

1  The question before the Court is what notice Defendant was entitled to prior to entry of the
2  default judgment.  Rule 55(b)(2) requires notice 7 days before "the hearing." Plaintiff filed the
3  certificate of service and mailed a copy of the motion for entry of default judgment to Defendant on
4  May 12, 2011, and this Court granted the Motion and entered default judgment in favor of Plaintiff
5  May 13, 2011. While Rule 55(b)(2) contemplates the possibility of a hearing prior to entering or
6  effectuating judgment, the Court is not required to conduct such a hearing. In this case, Plaintiff
7  provided an application for default with a declaration of damages that was sufficient for the Court to
8  effectuate judgment without the necessity of a hearing.  Accordingly, the notice requirement of Rule
9  55(b)(2) does not fit squarely within the situation presented here and Plaintiff received all the notice
10 required by the Rules.

11 C. Default

12 Rule 55(c) provides that the court may set aside an entry of default for good cause or as
13 provided under Rule 60(b). Fed. R. Civ. P. 55(c).  The good cause analysis considers three factors:
14 (1) whether the plaintiff would be prejudiced if the judgment is set aside, (2) whether defendant has
15 no meritorious defense, or (3) whether the defendant's culpable conduct led to the default.  See Am.
16 Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).  These factors
17 are disjunctive and the court is free to deny the motion if any of the three factors is true.  See
18 Franchise Holding II, LLC., 375 F.3d at 926 (quotations omitted).

19 i. Prejudice

20 Legal prejudice is shown where actual legal rights are threatened or where monetary or other
21 burdens appear to be extreme or unreasonable. Mayes v. Fujimoto, 181 F.R.D. 453, 456 (D. Haw.
22 1998) aff'd, 173 F.3d 861 (9th Cir. 1999) (quotations omitted).  However, the mere inconvenience of
23 another lawsuit does not constitute plain legal prejudice.  See, e.g., Hamilton v. Firestone Tire &
24 Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982).  To be prejudicial, the setting aside of a
25 judgment must result in greater harm than simply delaying resolution of the case.  TCI Group Life
26

Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001). Rather, the standard is whether Plaintiff's ability to pursue his claim will be hindered. Id. (quotations omitted).

Plaintiff argues that it will be prejudiced if the default is set aside because: (1) it filed this lawsuit over fifteen months ago and it will be forced to start back at square one without anything to show for the time lost; and (2) its ongoing litigation against Mr. Lyon, personally, to enforce this Court's default judgment will need to be stayed, consolidated, and/or amended considerably.

Plaintiff has not alleged that its legal right to seek remedy against Defendant or Mr. Lyon will be extinguished if the default is vacated. While a stay, consolidation, or amendment of the litigation against Mr. Lyon may delay resolution of that case, Plaintiff's ability to pursue his claim against Defendant or Mr. Lyon will ultimately not be hindered. Finally, the inconvenience and expense of pursuing this action further will fall on both parties equally, and Plaintiff has not demonstrated that the burden will be unreasonable or extreme. Accordingly, Plaintiff has not shown it would be prejudiced if the default is set aside.

### ii. Meritorious Defense

A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010) (citations and quotations omitted). But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. Id. All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Id. Rather, that question would be the subject of the later litigation. Id.

Defendant contends that the cause of NCC's failure to perform under the subcontract stemmed from Plaintiff's actions. Defendant presents allegations from a separate suit between NCC and Plaintiff involving the same construction project as proof. NCC's complaint asserts that Plaintiff mismanaged the construction project and failed to pay NCC as required by the subcontract. As a

result of Plaintiff's actions, NCC was unable to pay its suppliers.  Then, Plaintiff wrongfully terminated NCC after concluding it was in material default of the subcontract.  NCC's suit against Plaintiff alleges facts which, if true, would constitute a meritorious defense against Plaintiff in the instant action.  Defendant avers that if Plaintiff is found liable in the other suit, then Defendant would assert as an additional defense, that Plaintiff committed a material breach of its contract with NCC and should be estopped from recovering any sums related to the breach.  Accordingly, this Court finds that Defendant has presented specific facts that would constitute a defense.

### iii. Culpable Conduct

We have typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.  See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (citations and quotations omitted).

As discussed above, Defendant did not file a responsive pleading within 14 days of the order denying the motion to dismiss, nor did Defendant comply with the order to obtain new counsel by April 27, 2011. However, Defendant credibly alleges that it was unable to obtain new counsel because it did not receive its file from prior counsel until May 9, 2011, and "no local Las Vegas counsel would consider taking this matter until they had opportunity to review [the] file."  In addition, Defendant's Vice President, Mr. Lyons, attempted to respond to Plaintiff's filings on behalf of Defendant.  Such actions are consistent with a good faith attempt to respond and do not necessarily demonstrate culpable conduct.  Accordingly, this Court finds that the default was not the result of culpable conduct by Defendant.

Default judgments are generally only appropriate in situations where an unresponsive party halts the adversarial process. See, e.g. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir.1986)(strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits). Accordingly, this Court holds that Defendant has shown good cause for setting aside the default.  Accordingly, Defendant's motion to set aside the default is granted.

6

III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Amended Motion to Set Aside Default and Default Judgment (#38) is **GRANTED**.

DATED this 2nd day of August 2012.

_____
Kent J. Dawson
United States District Judge