# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| ALUTIIQ INTERNATIONAL SOLUTIONS, LLC, <br><br>  Plaintiff, <br><br> vs. <br><br> OIC MARIANAS INSURANCE CORPORATION, *et al.*, <br><br>  Defendants. | 2:10-cv-01189-JAD-VCF <br><br> **ORDER GRANTING SANCTIONS IN THE FORM FOR ATTORNEYS FEES AND COSTS** <br><br> **REPORT AND RECOMMENDATION TO AMEND JUDGMENT** |

Before the court is Plaintiff's Memorandum Establishing Attorneys' Fees and Costs (#161). Defendant filed its Objection (#169). Plaintiff's Memorandum (#161) was filed in compliance with the Order and Report and Recommendation (#160). On March 13, 2015, the Honorable District Court Judge Jennifer A. Dorsey entered an Order (#180) Accepting and Adopting the findings in (#160). Default Judgment has been entered in favor of Plaintiff Alutiiq International Solutions, LLC and against Defendant OIC Marianas Insurance Corporation (#181). The issue of attorneys' fees and costs is now ripe for decision.

Defendant's objection to Plaintiff's request for attorneys' fees and costs is based on the premise stated in its first sentence as follows, "Contrary to the false representations of Plaintiff, there is no long running history of discovery abuse in this case by Defendant OICM." (#169, p. 1). Judge Dorsey's Order (#180), describes OICM's conduct as follows, "Four years of well-documented delays and discovery abuses by defendant OIC Marians Insurance Corporation and its principal Dennis Lyon . . ." There is no doubt that monetary sanctions must be awarded in this case, the only question is the amount.

In addition to objecting to the award of any attorneys' fees and costs in this case, defendant OICM also challenges the amounts. Defendant does not dispute that the fees were incurred or that they have

been properly documented as required by our court's local rules.  Instead, defendant argues that the fees were not caused by defendant's conduct or that they are unreasonably high.

The court has reviewed plaintiff's fees and costs requests using the criteria set forth in LR 54-16(b) and Nevada Rule of Professional Conduct 1.5.  In paragraph 10 of Mark Rosencrantz's declaration (#161-1) the annotations on Exhibits A and B are explained.  Reviewing those exhibits and the other bills submitted in support of plaintiff's memorandum, the court finds that the fees and costs requested are reasonable.

Plaintiff's request for the impositions of attorneys' and costs is GRANTED.

Accordingly, it is HEREBY RECOMMENDED that an award of attorneys' fees in the amount of $55,273.00 and non-taxable costs in the amount of $2,348.99, for a total of $57,621.99 be included in an Amended Judgement against OICM, together with any other sanctions which have previously been awarded against OICM in his case and which have not yet been paid.  According to plaintiff, in its Memorandum (#161, p. 7), $9,674.30, awarded by U.S. Magistrate Judge Peggy A. Leen (#89 in case number 2:cv-1104-JAD-VCF, before its consolidation with this case) has not yet been paid.

DATED this 17th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE