# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

ALUTIIQ INTERNATIONAL SOLUTIONS, LLC,

          Plaintiff,

vs.

OIC MARIANAS INSURANCE CORPORATION, *et al.*,

          Defendants.

2:10-cv-01189-JAD-VCF
**ORDER**

THE LAW OFFICE OF DAN M. WINDER P.C.'S MOTION TO QUASH (ECF NO. 275); PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 279); AND PLAINTIFF'S MOTION FOR WITHDRAWAL/SUBSTITUTION OF COUNSEL (ECF NO. 282).

      Before this Court is The Law Office of Dan M. Winder P.C.'s (former attorney of record for the Defendant and current interested party) Motion to Quash (ECF No. 275), Plaintiff's Motion for Sanctions (ECF No. 279), and Motion to Substitute Counsel (ECF No. 282). For the reasons stated below, Winder's motion to quash is denied, the Court orders Winder to serve a copy of the requested discovery upon Christopher Rose (attorney of record for the Plaintiff) by close of business today, Plaintiff's Motion for Sanctions is granted in part and denied in part, and Plaintiff's motion to substitute counsel is granted.

## Factual Background

      Plaintiff Alutiiq filed a lawsuit against OIC Marianas Insurance Company on July 19, 2010. (ECF No. 1). Plaintiff secured a favorable judgment on January 14, 2016. (ECF No. 217). Plaintiff asserts that, following the court's judgment, it has struggled to collect from the Defendants. (ECF No. 259). Plaintiff filed a motion to compel compliance with a subpoena for ten categories of documents. (*Id*). The Court ordered that Plaintiff send the Law Office of Dan M. Winder ("Winder") a list of search terms, and that Winder then submit electronic searchable versions of the documents requested by Plaintiff within forty-five days. (ECF No. 272).

Plaintiff allegedly submitted the search terms to Winder's office on December 22, 2017. (ECF No. 277 at 11). Plaintiff claims that it sent Winder's office a letter by U.S. mail, and an email addressed to danwinder@attorneydanwinder.com. (*Id.*). On February 5, 2018, Plaintiff sent a second email alerting Winder that this was his last day to comply with the discovery subpoena. (*Id.* at 10). Plaintiff sent this second email to winderanatty@aol.com. (*Id.*). Later on February 5, 2018, Winder replied to Plaintiff's second email. Winder stated that this was the first notice his office had received of the search list. (*Id.* at 9-10). Winder claimed that the email address used in Plaintiff's first email was not an email address that either he or anyone in his office used. Winder then requested an additional two weeks to produce the discovery. On February 6, 2018 Plaintiff replied that he did not believe Winder's claim that February 5 was the first time Winder's office had received notice of the search term list. (*Id.* at 9). Plaintiff agreed to grant Winder a one-week extension to produce the discovery. (*Id.*).

On February 13, 2018, Winder filed a motion to quash service of the first email and requested the Court grant it forty-five days from the reception of the second email to produce the discovery. (ECF No. 275). On February 14, 2018, Plaintiff filed a Motion to sanction Winder for its conduct during this discovery process. (ECF No. 279). On March 2, 2018, Plaintiff's counsel (Mark Rosencrantz) also filed a motion to Substitute Counsel for his client (ECF No. 282). The Court held a hearing on these three motions on March 15, 2018. At the hearing, Winder stated that he had mailed the discovery to Mr. Rosencrantz's (attorney of record for Plaintiff) office on or about March 12, 2018. Rosencrantz stated that he has not yet received the mailed discovery.

**Analysis**

*I.    Winder's Motion to Quash Should be Denied*

Winder argues that he never received Plaintiff's letter containing the search terms via U.S. mail. (ECF No. 275 at 1). Winder further claims that Plaintiff sent the December 22nd email to an invalid email address. While Winder acknowledges that the email address in question is attached to his office, he claims that it is neither used nor monitored by anyone in his office. (ECF No. 280 at 2). Winder asserts that he

does not know where Plaintiff got this email address from, and posits that Plaintiff must have assumed it was a proper email address based on other email addresses in use by Winder's firm. (*Id.*). Winder argues that since the first email was sent to an incorrect email address, he did not receive notice of the search terms until Plaintiff sent him the second email on February 5, 2017. (ECF No. 275 at 1). He asserts that since he received notice of the list of search terms so late, he did not have time to produce the discovery requested within the one-week time allotment Plaintiff granted him.

Plaintiff claims that he did send the letter containing the search terms to Winder's office through U.S. mail. (ECF No. 276 at 2-4). Plaintiff also asserts that he used the email address in question because he had used it to successfully contact Winder's firm over a dozen times during the course of this litigation. (*Id.*). Plaintiff argues that Winder received the list of search terms and that Winder was merely attempting to delay the proceedings. (*Id.*). Plaintiff highlights previous instances where either Winder's firm or other defense counsel has delayed Court proceedings during the course of this litigation. (*Id.*).

The court may quash service when service is insufficient. *S.J. v. Issaquah Sch. Dist. No.* 411, 470 F.3d 1288, 1293 (9th Cir. 2006). Service may be made by either mailing the subpoena through U.S. mail or by electronic means. Fed. R. Civ. P. 5(b). When a subpoena is served by electronic means, service is "not effective if the serving party learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E). The court construes the provisions outlining service liberally. *Crane v. Battelle*, 127 F.R.D 174, 177 (S.D. Cal. 1989).

Plaintiff properly served the list of search terms on Winder. It is unclear whether Plaintiff mailed the letter to Winder through U.S. mail. While Plaintiff claims as much, the only evidence he submits is a declaration. (ECF No. 277 at 2). Since Winder alleges the opposite (ECF No. 275), whether or not the letter was mailed is essentially a credibility determination.

The Court declines to rule on whether Plaintiff sent the list of search terms through U.S. mail because Plaintiff served the list on Winder through email. Both parties agree that the email was sent to an existing email address that was connected to Winder's firm. (ECF No. 276; ECF No. 280 at 2). Winder

seems to be arguing that he could not produce the requested discovery because the list of search terms never reached him. By Winder's own admission this is not true. The search terms did reach him when Plaintiff sent them to *his* email that is connected to *his* law firm. That Winder lacks the diligence to check this in box does not change the fact that it is a proper avenue of service. The Court therefore finds that Plaintiff properly served Winder with the search terms on December 22, 2017. Winder's motion to quash service is denied.

Since Winder represented in the March 15 hearing that he produced the discovery to Mr. Rosencrantz's office, the Court does not need to issue a timeline for production. The Court orders that Winder also serve a copy of the produced discovery upon Christopher Rose (attorney of record for the Plaintiff) by end of business today.

*II.    Plaintiff's Motion for Sanctions*

Plaintiff asserts that the Court should award it attorney's fees and costs in connection with its motion to compel (ECF No. 259) and the Winder's firm motion to quash (ECF No. 275). (ECF No. 279 at 1-2). Plaintiff argues that Winder's failure to obey the time constraints of its subpoena is contempt of Court under Fed. R. Civ. P. 45. Plaintiff further asserts that it took over two hundred days for Winder to comply with the subpoena. (ECF No. 276).

Winder argues that the Court should not sanction him because he attempted to produce the requested discovery in a timely manner. Specifically, Winder asserts that he did not receive notice of the search term list until February 5th. (ECF No. 281). Winder further asserts that the Court should sanction Plaintiff for Plaintiff's overly broad subpoena, failure to meet and confer, and failure to grant Winder a reasonable time extension. (*Id.* at 2-3).

"The authority of magistrates to impose discovery sanctions is established by 28 U.S.C § 636." *Grimes v. City & Cty. Of San* Francisco, 951 F.2d 236, 240 (9th Cir. 1991). The Court may sanction a party for failing to obey an order or provide discovery. Fed. R. Civ. P. 37(b)(2)(A). The Court's inherent

power allows it to sanction attorney misconduct during discovery. *Sheperd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995).

The Court finds grounds to sanction Winder under Fed. R. Civ. P. 37 (b)(2)(A) and its inherent power to sanction attorney misconduct. The fact that Winder does not normally check an email address does not excuse his lack of diligence in checking all avenues of possible service. This lack of diligence places him in violation of this Court's previous order (*See* ECF No. 272). Winder's failure to check this email address, and subsequent decision to file a motion to quash, has also unduly delayed these proceedings. Once Winder's counsel learned of the list, he proposed serving a response by February 19, 2018. (ECF No. 277 at 10). Winder did not serve a response until approximately March 12, 2018.

The Court also finds grounds to sanction Plaintiff's attorney Mark Rosencrantz under its inherent power to sanction attorney misconduct. Despite Rosencrantz's office sending the first email to a valid email address, there is no evidence that it was an email address in use by anyone in Winder's office. Further, when Winder asked Rosencrantz for a two-week extension to produce the discovery, Rosencrantz demanded that Winder produce the discovery in one week or he would file a motion asking for sanctions.[1] (ECF No. 277 at 9-10). Had Rosencrantz granted the two-week extension, the deadline to serve the discovery would have been February 19, 2018. What started out as a simple mistake of sending an email to a less-favored email address has escalated into unnecessary motions and a waste of court resources. The Court orders Mark Rosencrantz to pay $250 and Dan Winder to pay $500 to the Clerk of Court. The money will be credited to the crime victims assistance fund.

III.    *Plaintiff's Motion to Withdraw and Substitute Counsel*

Attorney of Record Mark Rosencrantz filed a motion to withdraw and substitution of counsel. Rosencrantz is staying on as the attorney of record, but will be affiliated with a different law firm. Rosencrantz has signed and submitted the required form. (ECF No. 282). No opposition has been filed to the motion. Rosencrantz's motion to substitute counsel is granted.

---

[1] Rosencrantz further indicated that he would not withdraw the motion even if Winder later produced the discovery.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Winder's Motion to Quash (ECF No. 275) is DENIED.

IT IS FURTHER ORDERED that Interested Party The Law Office of Dan M. Winder P.C. serve a copy of the produced discovery upon Christopher Rose at 3800 Howard Hughes Parkway, 16th Floor, Las Vegas, NV 89169 by close of business today.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (ECF No. 279) is GRANTED in part and DENIED in part. Attorney Dan Winder is ordered to pay $500 in monetary sanctions. The check must be deposited with the Court on or before March 29, 2018. The check must be payable to Clerk, U.S. District Court, and will be credited towards the crime victims assistance fund.

IT IS FURTHER ORDERED that attorney Mark Rosencrantz pay $250 in monetary sanctions. The check must be deposited with the Court on or before March 29, 2018. The check must be payable to Clerk, U.S. District Court, and will be credited towards the crime victims assistance fund.

IT IS FURTHER ORDERED that Rosencrantz's Motion to Substitute Counsel (ECF No. 282) is GRANTED.

IT IS SO ORDERED.

DATED this 15th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE